UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADA MARIA BENSON,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>ANGEL VIEW CLEARANCE STORES,<br><br>　　　　　　　Defendant. | Case No. EDCV 21-00147-DMG-SHK<br><br>**ORDER RE DISMISSAL OF ACTION** |

For the following reasons, this case is **DISMISSED** without prejudice.

### I.　BACKGROUND

On January 20, 2021, Plaintiff Ada Maria Benson ("Plaintiff"), proceeding pro se and in forma pauperis ("IFP"), filed a Complaint ("Complaint" or "Compl.") under 42 U.S.C § 1983 ("§ 1983") against Angel View Clearance Center and Angel View Corporation (collectively, "Angel View Entities") alleging that the Angel View Entities violated her constitutional rights when they prevented Plaintiff from making purchases at a store the Angel View Entities operate.  Electronic Case Filing Number ("ECF No.") 1, Compl. at 4.  On January 29, 2021, the Court issued an Order Dismissing Complaint, Without Prejudice and With Leave to Amend

("Compl. ODLA"). ECF No. 5, Compl. ODLA. On February 12, 2021, Plaintiff filed a First Amended Complaint ("FAC"), alleging claims against Defendant Angel View Clearance Stores ("Defendant"). ECF No. 6, FAC.

On July 22, 2021, Plaintiff filed a notice of appeal to the Ninth Circuit, depriving this Court of jurisdiction. ECF No. 8, Not. of Appeal. On August 13, 2021, the Ninth Circuit dismissed the appeal for lack of jurisdiction, ECF No. 11, Order from Ninth Circuit, and issued its mandate on September 7, 2021, ECF No. 12, Mandate.

On October 10, 2021, the Court issued an Order Dismissing the FAC, Without Prejudice and With Leave to Amend ("ODLA"). ECF No. 13, ODLA. The ODLA required Plaintiff to file a Second Amended Complaint ("SAC"), if Plaintiff desired to do so, or to advise the Court that Plaintiff intended to rely on the allegations in the First Amended Complaint ("FAC") by October 26, 2021. See id. at 15. On October 28, 2021, the Court received Plaintiff Ada Maria Benson's ("Plaintiff") Response ("Response"). ECF No. 14, Response. Plaintiff's Response appears to object to the ODLA. See id. Rather than filing a SAC or notifying the Court that Plaintiff intended to rely on the allegations in the FAC, Plaintiff, in her Response, argued that the District Court did not have jurisdiction over her case because it was pending before the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit"). See id. at 2.

On November 4, 2021, the Court issued a Final Order to Show Cause ("Final OSC"), wherein, Plaintiff was "given **one final opportunity** to comply with the Court's ODLA" by November 18, 2021. ECF No. 15, Final OSC at 1 (emphasis added). Plaintiff was ordered to show cause why the case should not be dismissed by either: (a) "advis[ing] the Court that Plaintiff does not desire to pursue this action"; (b) "show[ing] good cause in writing, if any exists, why Plaintiff has not timely filed with the Court a SAC"; or (c) "filing a SAC fixing the deficiencies consistent with the Court's Order in the SAC if Plaintiff wishes to continue

litigating those claims." Id. Plaintiff was warned that "if Plaintiff fail[ed] to move forward with any of the options listed above, the Court may deem such failure as a further violation of a Court order justifying dismissal, and the Court may also deem such a failure as further evidence of a lack of prosecution on Plaintiff's part." Id. at 2. As of the date of this Order, Plaintiff has failed to file a SAC, respond to the Court's Final OSC, or otherwise participate in this litigation.

## II. LEGAL STANDARD

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (setting out five factors similar to those in Henderson). "Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263)). In a case involving sua sponte dismissal,

however, the fifth <u>Henderson</u> factor regarding the availability of less drastic sanctions warrants special focus.  <u>Hernandez</u>, 138 F.3d at 399.

### III.   DISCUSSION

Here, the first two factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Despite being warned in the Final OSC that Plaintiff had "one final opportunity" to comply with the Court's ODLA and that failure to respond to the Final OSC could be deemed further evidence of a lack of prosecution and a further violation of a Court order justifying dismissal, Plaintiff has failed to do so.  ECF No. 15, Final OSC at 1.  This failure to prosecute and follow Court orders hinders the Court's ability to move this case toward disposition and suggests that Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to Defendant—also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecuting an action.  See <u>In re Eisen</u>, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citations omitted).  Nothing suggests such a presumption is unwarranted in this case, considering that Plaintiff has failed to comply with the Court's ODLA or Final OSC and Plaintiff has not offered any excuse for her failure to comply with multiple Court orders or to respond in a timely manner.  Thus, this "prejudice" element favors dismissal.

The fourth factor—public policy in favor of deciding cases on the merits— ordinarily weighs against dismissal.  However, it is Plaintiff's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and evasive tactics.  See <u>Morris v. Morgan Stanley</u>, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not met this responsibility despite having been: (1) instructed on her responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so.  Under these circumstances,

/ / /

though this policy favors Plaintiff, it does not outweigh Plaintiff's repeated failure to obey Court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal.  The Court cannot move the case toward disposition without Plaintiff's compliance with Court orders or participation in this litigation.  Despite the Court's attempt to obtain a response, Plaintiff has shown she is either unwilling or unable to comply with Court orders by failing to file responsive documents and failing to otherwise cooperate in prosecuting this action.  The Court is not aware of any lesser sanction that is available in this case.  See Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives.") (citation omitted); Roman v. Smith, No. 2:18-07909 PA (ADS), 2019 WL 8013120, at *1 (C.D. Cal. Nov. 18, 2019).

Accordingly, dismissal of this action, without prejudice, is appropriate here.

### IV.   CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED** that the above-captioned action is **DISMISSED** without prejudice.

DATED:  February 9, 2022

DOLLY M. GEE
United States District Judge

Presented by:

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge